**IN THE CIRCUIT COURT
FOR MONTGOMERY COUNTY**

| | | |
|---|---|---|
| **STEPHANE J. WANTOU SIANTOU,** | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **CASE NO._____** |
| | § | |
| | § | **JURY TRIAL DEMAND** |
| **DK ASSOCIATES, LLC,** | § | |
| **DANIEL E. KENNEY, ESQ.,** | § | |
| *Defendants*, | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Stephane J. Wantou Siantou (thereafter "Wantou", or "Mr.Wantou", or "Plaintiff"), and files this, his *Pro Se* Original Complaint, complaining of DK Associates, LLC and Daniel E. Kenney, Esq., collectively "Defendants"; and moves this Honorable Court for judgment against Defendants DK Associates, LLC and Daniel E. Kenney, Esq.; and in support thereof and for cause of action would respectfully state as follows:

**1.00  PARTIES**

**1.01**  Plaintiff Stephane J. Wantou Siantou is an individual and a citizen of the State of Texas, residing in Howard County, Texas.

---

**1.02**   At all times relevant to the allegations contained herein, Plaintiff was and still is, a resident of Howard County, Texas.

**1.03**   Upon information and belief, Defendant DK Associates, LLC is a single member Limited Liability Company law firm organized under the laws of Maryland, whose corporate headquarters and principal place of business is located in Chevy Chase, Maryland, at 5425 Wisconsin Avenue, Suite 600, PMB#653, Chevy Chase, MD 20815.  Defendant DK Associates, LLC can be served with process through its principal, Daniel E. Kenney, at 5425 Wisconsin Avenue, Suite 600, PMB#653, Chevy Chase, MD 20815; or wherever its principal, Daniel E. Kenney, may be found.  Upon information and belief, Attorney Daniel E. Kenney is the single member owner of Defendant DK Associates, LLC; and upon information and belief, Attorney Daniel E. Kenney is a licensed Maryland attorney (Bar No. 18369).

**1.04**   At all times relevant to the allegations contained herein, Defendant DK Associates, LLC was and still is, a corporate citizen of Montgomery County, Maryland.

**1.05**   Defendant Daniel E. Kenney is an individual and a citizen of the State of Maryland. Defendant Daniel E. Kenney can be served with process by serving him at his principal place of occupation, at 5425 Wisconsin Avenue, Suite 600, PMB#653, Chevy Chase, MD 20815; or wherever he may be found.  Upon information and belief, Attorney Daniel E. Kenney is the single member owner of Defendant DK Associates, LLC; and upon information and belief, Attorney Daniel E. Kenney is a licensed Maryland attorney (Bar No. 18369).

**1.06**   At all times relevant to the allegations contained herein, Defendant Daniel E. Kenney was and still is, a citizen of the State of Maryland with his principal place of occupation in Montgomery County, Maryland.

**2.00   ASSUMED AND COMMON NAMES, MISNOMER**

**2.01**  Pursuant to the Maryland Rules of Civil Procedure, Plaintiff hereby gives notice that all defendants are being sued in their business or common names regardless of whether such businesses or persons are partnerships, unincorporated associations, individuals, entities, or private corporations.

**2.02**  In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter-egos" of the parties named herein.

**3.00   STATUTE OF LIMITATIONS**

**3.01**  The instant complaint is being filed within the statute of limitations (three (3) years) for legal malpractice actions in the State of Maryland and other causes of action involved herein, as the unfavorable judgment at issue in the instant complaint occurred in July 2019.   Moreover, the instant complaint is being filed within the statute of limitations for legal malpractices actions in the State of Maryland and other causes of action involved herein, as this complaint is being filed within three (3) years of the time at which events giving rise to this complaint were discovered by Plaintiff; as critical misconduct (Defendant Daniel E. Kenney's failure to object to liability trial phase jury dismissal, and improperly colluding with federal District Judge and opposing party to improperly dismiss said jury under false pretense and fabricated reasons) that led to the abovementioned unfavorable judgment was not discovered by Plaintiff until August 2019. Furthermore, Defendants acts and/or omissions herein complained about were continuous, such that under the "Continuing Violations Theory" and/or the "Relate Back Doctrine", all said acts and/omissions fall within the statute of limitations.

**4.00   JURISDICTION AND VENUE**

**4.01**   This Court has jurisdiction over all Defendants because Defendants are all private or corporate citizens of the State of Maryland; and this Court has jurisdiction over Plaintiff's claims against Defendants pursuant to Maryland Code Annotated, Courts & Judicial Proceedings ("MD Code Ann., Cts. & Jud. Proc.") § 1-501; to Maryland Code Annotated, Courts & Judicial Proceedings § 6-102(a); Maryland Code Annotated, Courts & Judicial Proceedings § 6-103(b).

**4.02**   The subject matter in controversy is within jurisdictional limits this Court.

**4.03**   The amount in controversy is within jurisdictional limits this Court.   Plaintiff seeks $5,000,000 in compensatory damages, which is above the lower jurisdictional limit of this Court ($25, 000).   To Plaintiff's knowledge, this Court does not have an upper jurisdictional limit as to amount in controversy.   However, should this Court have such upper jurisdictional limit as to amount in controversy, and should such upper jurisdictional limit as to amount in controversy fall below Plaintiff's claimed amount for compensatory damages, Plaintiff shall limit his claimed amount for compensatory damages to this Court's upper jurisdictional limit as to amount in controversy.

**4.04**   Venue is proper in this Court pursuant to Maryland Code Annotated, Courts & Judicial Proceedings § 6-201(a) because the corporate defendant in this action (Defendant DK Associates, LLC) maintains its principal office in Montgomery County, MD; and Montgomery County, MD is the county where the private defendant in this action (Daniel E. Kenney, Esq.) "carries on a regular business, is employed or habitually engages in a vocation."

**5.00   STATEMENT OF FACTS**

**5.01**   Pursuant to a retainer agreement entered into between Plaintiff and DK Associates, LLC on or about March 18, 2017 ("March 2017 Retainer Agreement"), Plaintiff retained DK

Associates, LLC to provide legal services to Plaintiff in connection with Plaintiff's action against CVS RX Services, Inc. ("CVS Action") in federal court, thereby establishing an attorney-client relationship between the parties.  Said March 2017 Retainer Agreement was superseded by another retainer agreement entered into by Plaintiff and DK Associates, LLC on or about September 12, 2017 ("September 2017 Retainer Agreement").

**5.02**   In the September 2017 Retainer Agreement, DK Associates, LLC fraudulently averred, or fraudulently framed said retainer agreement so as to purport, that Attorney Fees in a Title VII/42 USC §1981case (such as the CVS Action), which are recoverable under 42 U.S.C. §1988, are not part of Plaintiff's award or are separate or separable from Plaintiff's award, when the Supreme Court of the United States has unequivocally stated that:

> **"**[s]ection 1988 makes the prevailing party eligible for a discretionary award of attorney's fees . . . **[I]t is the party, rather than the lawyer, who is so eligible** . . . [**W**]e have . . . rejected the argument that the entitlement to a 1988 award belongs to the attorney rather than the plaintiff**"** [1]

 **5.03**  In August 2017, the defendant in the CVS Action (CVS RX Services, Inc.) filed a motion for partial dismissal of Plaintiff's claims; namely, CVS requested that the following claims of Plaintiff be dismissed: **(1)** Count I of Plaintiff's claims against CVS RX Services, Inc.: Race Discrimination (under Title VII of the Civil Rights Act of 1964 (42 USC § 2000(e)); and Title 20, Section 20-601 *et seq.* of the Maryland Code, the Maryland Fair Employment Practices Act ("M.F.E.P.A.")); **(2)** Count II of Plaintiff's claims against CVS RX Services, Inc.: National Origin Discrimination (under Title VII and M.F.E.P.A.); **(3)** Count III of Plaintiff's claims against CVS RX Services, Inc.: Sex Discrimination (under Title VII and M.F.E.P.A.).  The basis for the request by CVS RX Services, Inc. to dismiss the above claims was that Plaintiff had

---

[1] *Venegas v. Mitchell*, 495 U.S. 82, 86-87 (1990) (Emphasis in original)

allegedly not exhausted legal remedies as to said claims. Namely, CVS RX Services, Inc. alleged that while Plaintiff had filed a charge with the Equal Opportunity Commission ("EEOC") and the Prince George's County Human Relations Commission ("PGHRC"), Plaintiff had allegedly only raised the claim of retaliation in his charge with the EEOC and the PGHRC. This was totally incorrect, as Plaintiff had raised (in addition to Retaliation claims) all the abovementioned claims (Race Discrimination, National Origin Discrimination and Sex Discrimination) in his charge with the EEOC and the PGHRC. The PGHRC provided to Plaintiff's counsel (Daniel E. Kenney, Esq.), the claims that were *accepted* by the EEOC and the PGHRC, and *not* the claims that were *filed* by Plaintiff with the EEOC and the PGHRC. Daniel E. Kenney, Esq. failed to request and obtain, from the EEOC and the PGHRC, the record of claims that were *filed* by Plaintiff in his charge with the EEOC and the PGHRC; and failed to challenge the request for dismissal of the abovementioned charges (Race Discrimination, National Origin Discrimination, and Sex Discrimination).

**5.04** While the federal District Judge in the CVS Action retained the charge of Race Discrimination despite the lack of challenge by Daniel E. Kenney, Esq. as to dismissal[2], the dismissal of the National Discrimination claim and the Sex Discrimination claim (all of which had interrelatedness with the Retaliation claim as to Termination, and the Race Discrimination claim) severely prejudiced the Race Discrimination claim and the Retaliation Claim as to Termination; and to make matters worse, Daniel E. Kenney, Esq. barely briefed the meritorious Race Discrimination claim at summary judgment, which was unreasonably negligent.

---

[2] Plaintiff brought the charge of Race Discrimination against CVS RX Services, Inc. under both Title VII and 42 USC §1981. Unlike Title VII, 42 USC §1981 does not require exhaustion of legal remedies, which is why the federal District Judge in the CVS Action retained the charge of Race Discrimination, despite the lack of challenge by Daniel E. Kenney, Esq. as to the request for dismissal by CVS RX Services, Inc.

**5.05**  The most important remaining claims (Plaintiff's Retaliation claim as to Termination and Plaintiff's Race Discrimination claim) failed to survive summary judgment, but Plaintiff's Retaliation claim as to April 2015 Coaching survived summary judgment.

**5.06**  The federal District Judge in the CVS Action decided to bifurcate the liability phase and punitive damage phase of trial; and the federal District Judge in the CVS Action announced to the parties in the CVS Action his decision as to bifurcation in December 2018, two months before trial was scheduled to take place.

**5.07**  The scheduling order issued by the federal District Judge in the CVS Action provided that the liability phase and the punitive damage phase of trial were to take place consecutively (back to back) without any interruption in February 2019.

**5.08**  In February 2019, trial took place in the CVS Action, with Plaintiff being represented by Daniel E. Kenney of DK Associates, LLC.  Plaintiff prevailed in the liability phase, and per the scheduling order, the punitive damage phase of trial was to begin immediately after the jury delivered its verdict as to liability.  **Per the 7th Amendment, both the liability phase and the punitive damage phase of trial were to be decided by the same jury**.

**5.09**  After the liability trial phase jury delivered its verdict in favor of Plaintiff, the federal District Judge in the CVS Action improperly, absurdly and impermissibly (in violation of the 7th Amendment) asked Daniel E. Kenney, Esq. if he would agree to dismiss said liability trial phase jury; and the federal District Judge postponed, *sine die*, the punitive damage phase of trial.

**5.10**  Without consulting and without informing Plaintiff, Daniel E. Kenney, Esq. agreed to the District Judge's improper request to dismiss the liability trial phase jury, in abject violation of Plaintiff's rights under the 7th Amendment; and Daniel E. Kenney failed to object to the District Judge's postponement, *sine die*, of the punitive damage trial phase.

**5.11**  In July 2019, nearly five months after the liability trial, the punitive damage trial took

place with a different jury, in violation of Plaintiff's rights under the 7th Amendment.

**5.12**  Due to the fact that a new jury was empaneled in the punitive damage trial phase in July

2019, issues already tried and conclusively decided by the liability phase jury in February 2019,

had to be retried before the punitive damage trial phase jury, in abject violation of the 7th

Amendment.

**5.13**  Daniel E. Kenney, Esq. refused to allow Plaintiff to take the stand to testify in the punitive

damage trial phase in July 2019, which meant the punitive damage trial phase jury did not get

hear Plaintiff's own testimony.

**5.14**  The punitive damage trial phase jury found against Plaintiff in July 2019, when the verdict

issued by the liability phase jury in February 2019 strongly suggested that the liability phase jury

had been convinced as to strong malice and reckless disregard of the law on the part the

defendant in the CVS Action (CVS RX Services, Inc.).


**6.00**  **CONDITIONS PRECEDENT**

**6.01**  All conditions precedent have been performed or have occurred.


**7.00**  **CLAIMS FOR RELIEF**

> **7.00.01**  **VICARIOUS LIABILITY: RESPONDEAT SUPERIOR –**
>               **RATIFICATION/AGENCY:**

**7.00.01.01**  Plaintiff re-alleges and incorporates herein Paragraphs 5.01 through 5.14,

above, as though fully set forth herein.

**7.00.01.02**  The herein complained about acts and/or omissions of DK Associates, LLC,

through its member(s), agent(s) or employee(s) (including but not limited to the lawyer(s)

of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017 Retainer) were performed by member(s), agent(s) or employee(s) of DK Associates, LLC while in the employment or under the authority or delegation of DK Associates, LLC; and were within the course of and scope of that employment or within the authority delegated by DK Associates, LLC to the member(s), agent(s) or employee(s) (including but not limited to the lawyer(s) of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017 Retainer).

**7.00.01.03**   Therefore, the herein complained about acts and/or omissions of DK Associates, LLC, through its member(s), agent(s) or employee(s) (including but not limited to the lawyer(s) of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017 Retainer), as outlined herein, were performed or neglected to be performed while in the employment of DK Associates, LLC and within the course of and scope of that employment or within the authority delegated by DK Associates, LLC to the member(s), agent(s) or employee(s) (including but not limited to the lawyer(s) of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017 Retainer).

**7.00.01.04**  Further, the herein complained about acts and/or omissions of DK Associates, LLC, through its member(s), agent(s) or employee(s) (including but not limited to the lawyer(s) of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action

for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017 Retainer), as outlined herein, were approved by, condoned or ratified by DK Associates, LLC, as DK Associates, LLC took no steps to remedy, change, alter, stop, modify or make amends for said acts and/or omissions.

7.00.01.05    At the time of the herein complained about acts and/or omissions of DK Associates, LLC, through its member(s), agent(s) or employee(s) (including but not limited to the lawyer(s) of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017 Retainer), as outlined herein, said member(s), agent(s) or employee(s) (including but not limited to the lawyer(s) of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017 Retainer) were acting on DK Associates, LLC 's behalf.

7.00.01.06   After the events herein complained of, DK Associates, LLC was fully aware of the actions of its member(s), agent(s) or employee(s) (including but not limited to the lawyer(s) of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017 Retainer); and approved them by DK Associates, LLC's acts or failure to act.

7.00.01.07    DK Associates, LLC approved of the conduct and acts of its member(s), agent(s) or employee(s) (including but not limited to the lawyer(s) of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017

Retainer), with the intent to validate them.

**7.00.01.08**     Therefore, DK Associates, LLC is liable for the acts of its member(s), agent(s) or employee(s) (including but not limited to the lawyer(s) of DK Associates, LLC assigned by DK Associates, LLC to the CVS Action for which Plaintiff retained DK Associates, LLC via the March 2017 Retainer and subsequently the September 2017 Retainer), as outlined herein.

**7.00.01.09**     The transgressive and/or unlawful and/or negligent acts or practices complained of herein were intentional or performed with reckless disregard of the law and Defendants' duties under the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts, such that Plaintiff is entitled to recover punitive or exemplary damages..

**7.00.01.10**     Plaintiff suffered damages as alleged in the below sections as to each Cause of Action.

**7.01   COUNT I: LEGAL MALPRACTICE (PROFESSIONAL MISCONDUCT AND PROFESSIONAL NEGLIGENCE) (against Defendants DK Associates, LLC and Daniel E. Kenney, Esq.):**

**7.01.01**   Plaintiff re-alleges and incorporates herein Paragraphs 5.01 through 5.14, above, as though fully set forth herein.

**7.01.02**   On or about March 18, 2017, pursuant to a retainer agreement ("March 2017 Retainer Agreement"), Plaintiff retained DK Associates, LLC to provide legal services to Plaintiff in connection with Plaintiff's action against CVS RX Services, Inc. ("CVS Action") in federal court, thereby establishing an attorney-client relationship between the parties.  Said March 2017 was superseded another retainer agreement entered into by

Plaintiff and DK Associates, LLC on or about September 12, 2017 ("September 2017 Retainer Agreement").

7.02.03   In the September 2017 Retainer Agreement, DK Associates fraudulently averred (via its single member attorney (Daniel E. Kenney)) or fraudulently framed said retainer agreement so as to purport that Attorney Fees in a Title VII/42 USC §1981case (such as the CVS Action), which are recoverable under 42 U.S.C. §1988, are not part of Plaintiff's award or are separate or separable from Plaintiff's award, when the Supreme Court of the United States has unequivocally stated that:

> "[s]ection 1988 makes the prevailing party eligible for a discretionary award of attorney's fees . . . **[I]t is the party, rather than the lawyer, who is so eligible** . . . [W]e have **. . . rejected the argument that the entitlement to a 1988 award belongs to the attorney rather than the plaintiff**"[3]

7.02.04   This fraudulent misrepresentation was contrary to DK Associates, LLC's and Daniel E. Kenney, Esq.'s duties, towards Plaintiff as client, under the law and under the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts.

7.01.05   As a direct and proximate consequence of this misrepresentation, Plaintiff signed the September 2017 Agreement under deceit and suffered damages to be determined by the factfinder or to be proven at trial.

7.01.06   Plaintiff's counsel in the CVS Action was Daniel E. Kenney, Esq. of DK Associates, LLC.

7.01.07   As Plaintiff's counsel in the CVS Action, Daniel E. Kenney, Esq., owed a duty of care to Plaintiff, requiring Daniel E. Kenney, Esq. to provide Plaintiff legal services in

---

[3] *Venegas v. Mitchell*, 495 U.S. 82, 86-87 (1990) (Emphasis in original)

a manner consistent with the tenets of the lawyer profession at large; and requiring Daniel E. Kenney, Esq. to exercise the knowledge, skill and ability ordinarily exercised by other similarly situated lawyers.  Further, as a purported "experienced and dedicated employment law and employee rights litigator […] [h]aving successfully represented hundreds of employees, including corporate executives, national sales directors, retail employees, nurses and doctors, financial executives and government contractors," the professional services rendered by Daniel E. Kenney, Esq. should have been comparable to other complex business trial specialists, imposing upon Daniel E. Kenney, Esq. a higher specialist standard of care.

**7.01.08**   Contrary to that duty, Daniel E. Kenney, Esq. was professionally transgressive and/or negligent in failing to request and obtain, from the EEOC and the PGHRC, the record of claims that were *filed* by Plaintiff in his charge with the EEOC and the PGHRC in order to challenge CVS RX Services, Inc.'s request for dismissal of Plaintiff's meritorious claims of Race Discrimination, National Origin Discrimination, and Sex Discrimination; and Daniel E. Kenney, Esq. was professionally transgressive and/or negligent in failing to challenge the request by CVS RX Services, Inc. for dismissal of Plaintiff's meritorious claims of Race Discrimination under Title VII of the Civil Rights Act of 1964 (42 USC § 2000(e)), National Origin Discrimination, and Sex Discrimination.

**7.01.09**   The dismissal of the meritorious National Discrimination claim and the meritorious Sex Discrimination claim (all of which had interrelatedness with the Retaliation claim as to Termination, and the Race Discrimination claim) severely prejudiced the Race Discrimination claim and the Retaliation Claim as to Termination.

**7.01.10**   To make matters worse, Daniel E. Kenney, Esq. was further professionally transgressive and/or negligent in grossly failing to reasonably oppose CVS RX Services, Inc.'s Motion for Summary Judgment as to Plaintiff's meritorious Race Discrimination under 42 USC §1981; grotesquely dedicating only 6 (six) lines to oppose CVS RX Services, Inc.'s Motion for Summary Judgment as to Plaintiff's meritorious claim of Race Discrimination under 42 USC §1981; failing to point to any evidence whatsoever in said six lines; failing to cite any authority whatsoever; failing to respond, in substance, to CVS RX Services, Inc.'s Motion for Summary Judgment as to Plaintiff's meritorious claim of Race Discrimination under 42 USC §1981; and in sum, failing to brief and plead the issue whatsoever.

**7.01.11**   If it were not for Daniel E. Kenney, Esq.'s professional negligence and lack of due diligence, Plaintiff would have likely prevailed as to his claims of Race Discrimination, National Origin Discrimination and Sex Discrimination; and due to the interrelatedness of the claims, which were based on common facts, Plaintiff would have also likely prevailed as to Plaintiff's Retaliation claim as to Termination.

**7.01.12**   As a proximate and direct consequence of Daniel E. Kenney, Esq.'s professional negligence and lack of due diligence as to the above claims, Plaintiff suffered damages to be determined by the factfinder and/or to be proven at trial.

**7.01.13**   Of paramount importance, contrary to his duty of care towards Plaintiff and his professional duty, Daniel E. Kenney, Esq. was professionally transgressive and/or negligent in not objecting to the improper, absurd and impermissible request by the District Judge that the jury who found in favor of Plaintiff in liability phase of bifurcated trial be dismissed, and forcing the punitive phase of the trial to be decided by a new jury

(thus violating Plaintiff constitutional 7th Amendment Right), in which the liability issues that had already been conclusively decided by the first jury unavoidably had to be retried by a second jury (**in violation of the 7th Amendment**), all of which severely violated Plaintiff's constitutional rights under the 7th Amendment.  Because of said professional transgression and/or negligence by Daniel E. Kenney, Esq., during the  punitive damage phase of trial, all the work done during the first phase of the trial (liability) had to be re-done during the second phase of the trial and the second jury had to re-examine and re-determine for itself all the things that the first jury had already been successfully convinced of (**in violation of the 7th Amendment**), to the detriment of Plaintiff, leading to loss of the punitive damage trial by Plaintiff.  The 7th Amendment (which states:

> **"Jury Trial in Civil Lawsuits**
> **In suits at common law, where the value in controversy shall exceed**
> **twenty dollar, the right of trial by jury shall be preserved, and no fact**
> **tried by a jury, shall be otherwise reexamined in any Court of the**
> **United States, than according to the rules of the common law."**)

was made a mockery of and trampled on in this case, to Plaintiff's detriment and as a direct and proximate consequence of Daniel E. Kenney's professional transgression, professional misconduct and/or professional negligence, which directly and proximately caused loss of punitive damage trial by Plaintiff in July 2019.

**7.01.14**   Daniel E. Kenney, Esq. committed professional transgression and misconduct in conspiring and colluding with the District Judge and the opposing party (CVS RX Services, Inc.) to: **(i)** dismiss the liability trial phase jury, **(ii)** hide from Plaintiff the discussion as to liability trial phase jury dismissal, **(iii)** fabricate a bogus reason as to why

said jury was dismissed, and **(iv)** misrepresent to Plaintiff the reason for said jury dismissal.

**7.01.15**   During the abovementioned punitive damage trial phase, Daniel E. Kenney, Esq. was also professionally negligent in refusing to put Plaintiff on the stand for Plaintiff to testify before the punitive damage trial jury, in what was effectively a totally new trial. The fact that the punitive damage jury did not hear Plaintiff's own testimony was irretrievably prejudicial to Plaintiff and was (setting aside the "original sin" by Daniel E. Kenney as to failing to object to liability trial phase jury dismissal) a substantial cause of the loss of the punitive damage trial by Plaintiff.

**7.01.16**   The fact that Plaintiff prevailed in the liability phase of trial entitled Plaintiff, under 28 U.S.C. §1920, to full reimbursement (by the defendant in the CVS Action, CVS RX Services, Inc.) of all "taxable costs"; and under 42 U.S.C. §2000e-5(k) and 42 U.S.C. §1988, to full reimbursement (by the defendant in the CVS Action, CVS RX Services, Inc.) of all eligible "non-taxable costs".  The duty of care and fiduciary duty owed by Daniel E. Kenney, Esq. and DK Associates, LLC to Plaintiff required Daniel E. Kenney, Esq. and DK Associates, LLC to claim reimbursement (by the defendant in the CVS Action, CVS RX Services, Inc.) of all taxable costs under 28 U.S.C. §1920, and required Daniel E. Kenney, Esq. and DK Associates, LLC to insure restitution to Plaintiff of all such taxable costs; and required Daniel E. Kenney, Esq. and DK Associates, LLC to claim reimbursement (by the defendant in the CVS Action, CVS RX Services, Inc.) of all eligible non-taxable costs under 42 U.S.C. §2000e-5(k) and 42 U.S.C. §1988, and required Daniel E. Kenney, Esq. and DK Associates, LLC to insure restitution to Plaintiff of all such eligible non-taxable costs.  Daniel E. Kenney, Esq. and DK Associates, LLC

failed to claim all taxable costs under 28 U.S.C. §1920, and failed to insure

reimbursement and restitution of taxable costs to Plaintiff.  Daniel E. Kenney, Esq. and

DK Associates, LLC also failed to claim reimbursement to Plaintiff of any eligible non-

taxable cost whatsoever under 42 U.S.C. §2000e-5(k) and 42 U.S.C. §1988.

**7.01.17**   The above described transgressive acts, negligent acts and omissions by Daniel

E. Kenney, Esq. and DK Associates, LLC were clearly inconsistent with the tenets of the

lawyer profession at large; and were clearly below the standard of care for comparable

attorneys and law firms who practice in this community, especially attorneys who have

"successfully represented hundreds of employees, including corporate executives,

national sales directors, retail employees, nurses and doctors, financial executives and

government contractors".  Defendants' transgressive acts, negligent acts and omissions

were a substantial and crucial factor in Plaintiff's loss of the abovementioned punitive

damage trial phase.  If Daniel E. Kenney, Esq. had (**as a reasonable lawyer would do**)

objected to the federal District Judge's improper, absurd and impermissible request to

dismiss the jury that adjudicated the liability phase of the trial, and if said jury had (**as

required by the 7th Amendment**) been the same jury to adjudicate the punitive damage

phase of the trial, it would have resulted in a very important collectible judgment in

Plaintiff's favor by way of punitive damages.

**7.01.18**   DK Associates, LLC and Daniel E. Kenney, Esq. further committed

professional transgression and misconduct in withdrawing from the CVS Action without

good cause before all the issues in the case had been adjudicated and while there were

still outstanding issues pending before the trial court in the case, thus leaving Plaintiff

without representation; and in so doing, violating their contractual obligations with

Plaintiff.  By withdrawing as counsel without good cause, before all motions and issues, in which Defendants were to represent Plaintiff, had been addressed to completion, resolved before the trial court, and adjudicated by the trial court, Defendants abandoned Plaintiff and breached their professional duty, their fiduciary duty and their contractual attorney-client relationship under the September 2017 Retainer Agreement.

**7.01.19**  As a direct and proximate result of Defendants' professionally transgressive acts, professional incompetence, professional negligence and professional omissions, Plaintiff has suffered damages to be proven at trial, but estimated to be approximately $5,000,000.

**7.01.20**  Defendants' conduct, actions and omissions complained about above were either willful and malicious, or engaged in with reckless disregard of the law and Defendants' duties under the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts, such that Plaintiff is entitled to recover punitive or exemplary damages.

**7.01.21**   As a direct and proximate result of the acts and conduct of Defendants, Plaintiff has suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

**7.02**   **COUNT II: FRAUD (FRAUDULENT MISREPRESENTATION, DECEITFUL REPRESENTATION) (against Defendants DK Associates, LLC and Daniel E. Kenney, Esq.):**

**7.02.01**    Plaintiff re-alleges and incorporates herein Paragraphs 5.01 through 5.14, above, as though fully set forth herein.

**7.02.02**   In the September 2017 Retainer Agreement, DK Associates fraudulently averred (via its single member attorney (Daniel E. Kenney)), or fraudulently framed said retainer agreement so as to purport, that Attorney Fees in a Title VII/§ 1981 case (such as

the CVS Action), which are recoverable under 42 U.S.C. §1988, are not part of Plaintiff's award or are separable from Plaintiff's award, when the Supreme Court of the United States has unequivocally stated that:

> "[s]ection 1988 makes the prevailing party eligible for a discretionary award of attorney's fees . . . **[I]t is the party, rather than the lawyer, who is so eligible** . . . [W]e have **. . . rejected the argument that the entitlement to a 1988 award belongs to the attorney rather than the plaintiff**"[4]

**7.02.03**   This misrepresentation was contrary to DK Associates, LLC's and Daniel E. Kenney's duties, towards Plaintiff as client, under the law and under the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts.

**7.02.04**   The falsity of DK Associates, LLC's and Daniel E. Kenney's representation was known to DK Associates, LLC and Daniel E. Kenney, and should have been known to them, given their own duties under the law and under the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts; and being that Daniel E. Kenney, Esq., DK Associates, LLC's single member and lone attorney, self-describes as an "**experienced** and dedicated employment law and employee rights litigator […] [h]aving successfully represented hundreds of employees, including corporate executives, national sales directors, retail employees, nurses and doctors, financial executives and government contractors" (Emphasis added).

**7.02.05**   This misrepresentation by DK Associates, LLC and Daniel E. Kenney was made with reckless indifference as to the truth; as corroborated by DK Associates, LLC's and Daniel E. Kenney's continued indifference to the truth even after Plaintiff pointed to them the incorrectness of their representation.

---

[4] *Venegas v. Mitchell*, 495 U.S. 82, 86-87 (1990) (Emphasis in original)

**7.02.06**   This misrepresentation was made for the purpose of defrauding Plaintiff; by taking advantage of DK Associates, LLC's and Daniel E. Kenney, Esq.'s respective statuses as law firm and attorney at law, statuses which conferred to them presumed expertise as to the law, as opposed to Plaintiff's lay status.

**7.02.07**   Plaintiff relied on DK Associates, LLC's misrepresentation, made via Daniel E. Kenney, Esq., and Plaintiff had the right to rely on said misrepresentation, given DK Associates, LLC's and Daniel E. Kenney, Esq.'s respective statuses as law firm and attorney at law, statuses which conferred to them presumed expertise as to the law, as opposed to Plaintiff's lay status.

**7.02.08**   As a direct and proximate consequence of this misrepresentation, Plaintiff signed the September 2017 Agreement under deceit and suffered damages to be determined by the factfinder and/or to be proven at trial.

**7.02.09**  Defendants' conduct as to the above complained about misrepresentation was willful and malicious, and/or engaged in with reckless disregard of the law and Defendants' duties under the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts, such that Plaintiff is entitled to recover punitive or exemplary damages.

**7.02.10**   As a direct and proximate result of the acts and conduct of Defendants as to the above complained about misrepresentation, Plaintiff has suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

**7.03   COUNT III: BREACH OF CONTRACT (against Defendants DK Associates, LLC and Daniel E. Kenney, Esq.):**

**7.03.01**   Plaintiff re-alleges and incorporates herein Paragraphs 5.01 through 5.14, above, as though fully set forth herein.

**7.03.02**   Pursuant to the March 2017 Retainer Agreement, Plaintiff retained DK Associates, LLC to provide legal services to Plaintiff in connection with Plaintiff's action against CVS RX Services, Inc. ("CVS Action") in federal court, thereby establishing an attorney-client relationship between the parties.  Said March 2017 Retainer Agreement was superseded by the September 2017 Retainer Agreement entered into by Plaintiff and DK Associates, LLC in connection with the CVS Action in federal court.

**7.03.03**   Plaintiff performed all conditions, covenants, and promises required on his part be performed in accordance with each of the abovementioned retainer agreements during the respective periods in which they each were in force.  Implicit in the parties' contract for legal services was the requirement to perform such services competently and to not require payment for incompetent services, to not bill excessively or dishonestly and to not require payment of excessive or dishonest bills, and for DK Associates, LLC and its attorney(s) to comply with the **Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts** (and other applicable laws (federal, State and local)) in the provision of their services, and to not require payment for services violating the **Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts** or other applicable laws (federal, State and local)).

**7.03.04**   Defendants breached the September 2017 Retainer Agreement by committing the acts of professional misconduct and/or professional negligence, and/or the professional omissions complained about in Paragraphs 7.01.01 through Paragraphs

7.01.21 above.  Plaintiff re-alleges and incorporates herein Paragraphs 7.01.01 through 7.01.21, above, as though fully set forth herein.

**7.03.05**   As a direct and proximate result of Defendants' incompetence and contractual breaches, Plaintiff has suffered injuries, damages, compensatory damages and financial losses to be established at trial and in an amount to be proven at trial, but estimated to be approximately $5,000,000; and said injuries, damages, compensatory damages and financial losses continue in the future.

**7.03.06**  Defendants' conduct, actions and omissions complained about above were either willful and malicious, or engaged in with reckless disregard of the law and Defendants' duties under the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts, such that punitive or exemplary damages are warranted.

**7.03.07**   As a direct and proximate result of the acts and/or conduct and/or omissions of Defendants, Plaintiff has suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

**7.04   COUNT IV: BREACH OF FIDUCIARY DUTY (against Defendants DK Associates, LLC and Daniel E. Kenney, Esq.):**

**7.04.01**   Plaintiff re-alleges and incorporates herein Paragraphs 5.01 through 5.14, above, as though fully set forth herein.

**7.04.02**   A client's retention of a law firm gives rise to a fiduciary relationship between the parties.  The scope of an attorney's fiduciary obligations are determined as a matter of law based on the **Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts**, together with other statutes and general principles relating to other

fiduciary relationships.  These fiduciary duties include duties of care and loyalty, and obligation to keep the client informed.

**7.04.03**    Defendants breached their fiduciary duties and professional responsibilities to Plaintiff by committing the acts of professional misconduct and/or professional negligence, and/or the professional omissions complained about in Paragraphs 7.01.01 through Paragraphs 7.01.21 above.  Plaintiff re-alleges and incorporates herein Paragraphs 7.01.01 through 7.01.21, above, as though fully set forth herein.

**7.03.04**    As a direct and proximate result of Defendants' fiduciary breaches, Plaintiff has suffered injuries, damages, compensatory damages and financial losses to be established at trial and in an amount to be proven at trial, but estimated to be approximately $5,000,000; and said injuries, damages, compensatory damages and financial losses continue in the future.

**7.04.05**    Defendants' conduct, actions and omissions complained about above were either willful and malicious, or engaged in with reckless disregard of the law and of Defendants' duties under the Maryland Attorneys' Rules of Professional Conduct and Attorney Trust Accounts, such that Plaintiff is entitled to recover punitive or exemplary damages.

**7.04.06**    As a direct and proximate result of the acts and conduct of Defendants, Plaintiff has suffered and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

## 8.00   JURY DEMAND

Plaintiff respectfully requests a jury trial as to all claims so triable.

## 9.00  <u>PRAYER FOR RELIEF</u>

WHEREFORE, all of the foregoing premises having been considered, and for the reasons presented herein, Plaintiff, Stephane J. Wantou Siantou, prays that this Court enter judgment against Defendants DK Associates, LLC and Daniel E. Kenney, Esq., jointly and/or severally, for:

A.  Compensatory damages, including:

    1.  Special damages (economic losses) in the amount of $5,000,000 or other amount as determined by the factfinder.

    2.  General damages (non-economic losses), as permitted by law, in an amount to be determined by the factfinder.

B.  Punitive/Exemplary damages and statutory penalty damages in an amount to be determined by the factfinder

C.  Pre-judgment and post-judgment interest at the highest lawful rate;

D.  Reasonable and necessary attorneys' fees and expenses and/or *pro se* litigant's expenses;

E.  Costs of suit; and

F.  Such other relief, general and special, to which Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

Date: May 15, 2022

Respectfully,

                    /s/ Stephane J. Wantou Siantou
                    STEPHANE J. WANTOU SIANTOU, Pro Se

                    714 Baylor Blvd,
                    Big Spring, TX 79720
                    Telephone:  (703) 307-1758
                    Email: wantousi@yahoo.com

## REQUEST FOR CLERK TO ISSUE A WRIT OF SUMMONS FOR SERVICE ON EACH DEFENDANT ON THIS CASE

I hereby respectfully request that the Clerk issue a Writ of Summons for service on each defendant on this case.  I hereby certify that all Sheriff's fees have been fully paid for via the Court's E-filing system.

/s/ Stephane J. Wantou Siantou
STEPHANE J. WANTOU SIANTOU, Pro Se

714 Baylor Blvd,
Big Spring, TX 79720
Telephone:  (703) 307-1758
Email: wantousi@yahoo.com