IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
*Southern Division*

|  |  |  |
|---|---|---|
| STEPHANE J. WANTOU SIANTOU, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-22-1470 |
| DK ASSOCIATES, LLC, and DANIEL E. KENNEY, ESQ., | * | |
| Defendants. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Stephane Wantou brings this civil action against Defendants DK Associates, LLC, and Daniel Kenney (collectively "Defendants"), for legal malpractice (Count I), Fraud (Count II), Breach of Contract (Count III), and Breach of Fiduciary Duty (Count IV). Pending before the Court is Plaintiff's Motion for Remand, ECF No. 12.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion is denied.

---

[1] Also pending before the Court are numerous other motions for extensions of time, motions to strike, and a motion for sanctions. ECF Nos. 8, 10, 11, 14, 16, 30, and 36, are all motions for extensions of time. Defendants have told the Court that his rare medical diagnosis is the reason for his requested extensions. Thus, for good cause shown these motions for extensions of time are all granted. ECF Nos. 22, 25, 34, 37, 40, 42, 43, 46, and 47, are all motions to strike with one motion for sanctions (ECF No. 46). These motions focus on striking replies that were filed outside of the original deadline. However, both parties have filed requests for extensions in this matter, extensions which the Court has now granted, prior to the expiration of the deadlines. Thus, in accordance with Fed. R. Civ. P. 6(b) the motions to strike will all be denied. Plaintiff's motion for sanctions will also be denied as there is no prejudice where Plaintiff has likewise requested extensions, and there is no bad faith on behalf of Defendants. The Court has broad discretion when determining whether to impose sanctions. *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Importantly, since both parties have requested extensions in this case, and have been active in the litigation, sanctions in this case would be an extreme measure. Therefore, the motion for sanctions is denied where there is good cause, no bad faith, no need for deterrence, and no prejudice. *See Anderson v. Found. for Advancement, Educ. and Empl. Of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (listing bad faith, prejudice, deterrence, and appropriate sanctions as factors the Court considers in deciding whether to sanction a party). In light of ECF No. 29, Plaintiff's Amended Complaint, which was filed as of right according to Fed. R. Civ. P. 15, ECF No. 19, Defendants' Motion to Dismiss, is moot. ECF No. 26, Motion for Extension of time to file reply to ECF No. 18, is moot in light of this opinion. ECF No. 31 is granted, and Defendant shall file his response to Plaintiff's Amended Complaint within 14 days of this opinion.

I.      **BACKGROUND**[2]

Plaintiff is a citizen of the State of Texas, Defendant DK Associates is a single member Limited Liability Company organized under the laws of Maryland, and Defendant Daniel Kenney is a citizen of the State of Maryland.[3] ECF No. 5 at 2.[4] Plaintiff retained Defendants in March 2017 to provide legal representation in connection with a lawsuit against CVS in federal court ("CVS Action"). *Id.* at 5. The March 2017 retainer agreement was superseded by a September 2017 retainer agreement. *Id.* Plaintiff states that the September 2017 retainer agreement was fraudulent as it stated that "attorney fees in a Title VII or § 1981 case, which are recoverable under 42 U.S.C. § 1988 are not a part of Plaintiff's award." *Id.*

In August 2017, in the CVS Action, CVS filed a motion for partial dismissal of Plaintiff's claims of race discrimination, national origin discrimination, and sex discrimination under Title VII and the Maryland Fair Employment Practices Act ("MFEPA"), leaving only his retaliation claim. *Id.* at 5. The alleged basis for the dismissal of these claims was that Plaintiff had not exhausted his legal remedies. *Id.* at 5–6. Plaintiff asserts that this was false as he had raised all of his claims with the Equal Employment Opportunity Commission ("EEOC") and the Prince George's County Human Relations Commission ("PGHRC"), but the PGHRC only provided to Defendants Daniel Kenney and DK Associates those claims that were accepted by the EEOC and PGHRC, not those claims that were filed by the Plaintiff. *Id.* at 6. Plaintiff asserts that Defendants failed to request and obtain the record of claims that were filed by Plaintiff and failed to challenge the motion for partial dismissal. *Id.* Plaintiff also asserts that even though the Court

---

[2] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).
[3] Defendant Kenney states that he is a citizen of the District of Columbia. ECF No. 1 at 4.
[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

in the CVS Action retained the race discrimination claim under § 1981, Defendants failed to properly brief the "meritorious race discrimination claim at summary judgment which was unreasonably negligent." *Id.*

Plaintiff next asserts that after the trial in the CVS Action, the jury delivered a verdict in favor of Plaintiff and "the federal district judge in the CVS Action 'improperly, absurdly, and impermissibly' and in violation of the 7th Amendment" asked Defendants if they would agree to dismiss the liability trial phase jury. Upon agreement, the judge subsequently postponed the punitive damages phase of trial. *Id.* at 7. Plaintiff states this decision to dismiss the liability trial phase jury was in violation of Plaintiff's rights under the 7th Amendment and Defendants failed to object or consult with Plaintiff on this decision. *Id.* at 7.

Plaintiff filed his Complaint in the Circuit Court for Montgomery County, and Defendants filed a notice of removal on June 15, 2022, removing the case to this Court. ECF No. 1. Plaintiff then filed a motion for remand on July 27, 2022. ECF No. 12.

## II. DISCUSSION

Defendants argue that removal of Plaintiff's Complaint was proper pursuant to 28 U.S.C. §§ 1331 and 1441.[5] Section 1441 of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws,

---

[5] Defendants also argue that removal was proper pursuant to 28 U.S.C. § 1332(a), which grants district courts original jurisdiction of all civil actions exceeding $75,000 where the parties have complete diversity. However, this Court need not address this diversity of citizenship jurisdiction as the Court finds that jurisdiction under 1331, federal question, is sufficient to adjudicate the claim.

3

or treaties of the United States." 28 U.S.C.A. § 1331. This jurisdiction has commonly been called "federal question jurisdiction."

In determining whether a claim "arises under" the laws of the United States, courts "abide by the 'well-pleaded complaint rule,' assessing whether the plaintiff's cause of action — as stated on the face of the complaint — has some basis in federal law." *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 279 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 87 (2022) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986)). Claims that are "rooted in state law, then, may nevertheless 'arise under' federal law and fall within the scope of federal question jurisdiction …where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Id.* at 280. In *Gunn v. Minton*, 568 U.S. 251 (2013) and *Grable & Sons*, 545 U.S. 308 (2005), the Supreme Court enumerated what has come to be known as the "Gunn-Grable" framework which provides a 4-part test explaining that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Old Dominion*, 24 F.4th at 280. This test is consistent with the test articulated by the Fourth Circuit in *Bryan v. BellSouth*. *See id.* ("We agree with the district court, however that Bryan's explicit standard 'closely tracks the Gunn-Grable framework' and that the latter did no harm to the former."). In *Bryan*, the 4th Circuit stated that federal courts have jurisdiction to hear a Plaintiff's cause of action derived out of state law when "a well-pleaded complaint establishes ... that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 429 (4th Cir. 2004). Because the Court finds that Plaintiff's claims depend on

a resolution of a substantial question of federal law, the Court retains jurisdiction over Plaintiff's claims, and will deny Plaintiff's motion for remand.

In his Complaint, Plaintiff asserts four causes of action: legal malpractice (Count I), Fraud (Count II), Breach of Contract (Count III), and Breach of Fiduciary Duty (Count IV). ECF No. 5. In support of these claims, Plaintiff states that Defendants misinterpreted 42 U.S.C. § 1988 when they included an improper attorney's fees clause in their retainer agreement and that Defendants allowed his 7th Amendment rights to be violated when they permitted the judge to have different juries try the liability and punitive damage phases of trial. ECF No. 5 at 5, 7. Thus, although Plaintiff's claims are alleged pursuant to state law, they nonetheless turn on construction of federal law. Under the Gunn-Grable framework a federal issue is (1) necessarily raised and (2) actually disputed.

The federal issue is likewise also (3) substantial and (4) capable of resolution in federal court without disrupting the federal-state balance. "The substantiality inquiry looks to the importance of the issue to the federal system as a whole." *Gunn v. Minton*, 568 U.S. at 260. The outcome as to whether Defendants breached their duties owed to Plaintiff will require a Court to determine if the purported clause in the retainer agreement is in violation of a federal statute. It will likewise require a Court to determine the applicability of the 7th Amendment to Plaintiff's claims. Both questions will require construction of primarily federal issues. Thus, the question presented here has general applicability and importance. *See Gunn v. Minton*, 568 U.S. at 261 (purchase of certain bonds issued by federal government was substantial federal question because the determination of the constitutional validity of an act of Congress was drawn into question and is of general importance). Finally, Plaintiff's claims may be properly resolved in federal court for similar reasons: litigation of federal laws and constitutional issues are most

appropriately pursued in the federal setting. *See Old Dominion*, 24 F.4th at 288 (determination of compliance with federal regulatory rules is most appropriately pursued in the federal administrative setting). *See also Grable & Sons*, 545 U.S. at 315 (tax provision is an important issue of federal law that sensibly belongs in a federal court). Thus, this Court has federal question jurisdiction over Plaintiff's claims. For the same reasons the Court finds that it retains jurisdiction under the Gunn-Grable framework, it likewise finds that it retains jurisdiction under the 4th Circuit decision in *Bryan*. Accordingly, Plaintiff's motion for remand is denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. A separate Order follows.

Date: <u>February 16, 2023</u>                             ____/s/_____
                                                            GEORGE J. HAZEL
                                                            United States District Judge